IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40057
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROY VILLARREAL, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-476-1
--------------------
January 28, 2003

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Roy Villarreal, Jr. appeals the district court's denial of

his motion to suppress after pleading guilty conditionally to

possession with intent to distribute marijuana.  Villarreal's

argument has several subparts.  First, he argues that the

immigration checkpoint constituted a suspicionless roadblock

seizure which is unconstitutional.  He bases his argument on

Justice Thomas's dissent in City of Indianapolis v. Edmond, 531

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S. 32 (2000). He acknowledges that present Supreme Court and Fifth Circuit precedent allows for permanent immigration checkpoints, but he raises the issue for the purpose of preserving the issue for possible further review.

Second, Villarreal argues that the stop at the immigration checkpoint exceeded the duration necessary for the officer to ascertain his citizenship status and thus constituted an illegal seizure. He argues that according to this Court's decision in United States v. Machuca-Barrera, 261 F.3d 425 (5th Cir. 2001), the stop should have ended when Agent Alcorn was satisfied of his citizenship. He contends that Agent Alcorn's further questioning extended the permissible duration of the stop beyond the purpose of the stop, to determine his citizenship.

In Machuca-Barrera, 261 F.3d at 434, this Court upheld the district court's denial of the defendants' motions to suppress evidence where the defendants had been discovered to be smuggling marijuana in their vehicle after being stopped at an "immigration checkpoint" and asked, among other questions, whether they were carrying firearms or drugs. Id. at 430. The Court stated:

> An officer may ask questions outside the scope of the stop, but only so long as such questions do not extend the duration of the stop. It is the length of the detention, not the questions asked, that makes a specific stop unreasonable: the Fourth Amendment prohibits only unreasonable seizures, not unreasonable questions * * * .

Id. at 432 (footnotes omitted).  Although this Court did not set specific upper time limits applicable to immigration-related stops at Border Patrol checkpoints, the Court stated:

> The permissible duration of the stop was the amount of time reasonably necessary for [the Border Patrol agent] to ask a few questions about immigration status. [The agent's] few questions took no more than a couple of minutes; this is within the permissible duration of an immigration checkpoint stop.

261 F.3d at 435.  This court stated that it would not scrutinize the particular questions a Border Patrol agent asked as long as they related generally to determining citizenship status.  Id. at 433.  "The key is the rule that a stop may not exceed its permissible duration unless the officer has reasonable suspicion."  Id. at 434.  Because the agent's questions to Machuca-Barrera took no more than a couple of minutes, it was within the permissible duration of an immigration checkpoint stop.  Id. at 435.

Villarreal was questioned for forty to fifty seconds in the primary inspection lane.  This was well within the couple of minutes approved in Machuca-Barrera, and the time it took for Agent Alcorn to question Villarreal about the ownership of the vehicle did not extend the stop beyond its permissible duration.

Villarreal's third argument is that there was no reasonable suspicion to warrant his referral to secondary inspection for a canine sniff.  In Machuca-Barrera, this court stated that "if the initial, routine questioning generates reasonable suspicion of

other criminal activity, the stop may be lengthened to accommodate its new justification." 261 F.3d at 434. Agent Alcorn's testimony at the hearing supports the conclusion that there was reasonable suspicion to refer Villarreal's vehicle to secondary inspection for further investigation. The district court found that, in view of Agent Alcorn's more than five years' experience as a Border Patrol agent, a variety of factors taken together gave rise to reasonable suspicion of criminal activity. Villarreal gave inconsistent explanations concerning the ownership of the truck and his ultimate destination. The truck was unusually clean and did not show the signs of wear-and-tear normally associated with vehicles of similar age and with the typical early morning traffic of workers passing through the checkpoint. Villarreal avoided eye contact with Agent Alcorn. Finally, the district court noted that the checkpoint was located in an area known for the frequency of arrests for narcotics and illegal aliens, and Villarreal was stopped driving away from the border.

Villarreal contends that these factors cannot establish reasonable suspicion. He contends that the factors of his lack of eye contact and the fact that he was stopped driving away from the border in a corridor known for alien and drug smuggling are entitled to no weight. He concedes that although the unusually clean appearance of his vehicle could help to support a

reasonable suspicion determination, that fact standing alone cannot do so.

The Supreme Court recently rejected precisely this sort of "divide-and-conquer analysis" of reasonable-suspicion determinations in United States v. Arvizu, 122 S. Ct. 744, 751 (2002). The relevant inquiry is whether the "totality of the circumstances" create a reasonable suspicion of criminal activity. Id. Based on the testimony of Agent Alcorn at the hearing, the district court did not err in determining that reasonable suspicion existed to continue the checkpoint stop. United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994)(*de novo* review).

Lastly, Villarreal argues that the agents lacked probable cause to search the vehicle after the canine alerted, because the Government failed to produce evidence of the canine's reliability. He acknowledges that this issue has been decided against him but raises it to preserve it for possible further review.

Villarreal also argues that the sentencing scheme in 21 U.S.C. § 841(a) and (b) are unconstitutional after Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that this court has rejected this argument and raises it solely to preserve the issue for possible further review.

AFFIRMED.